IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,             Case No. 3:12 CR 262 - 04

-vs-                                 O R D E R

KELLY ELKAFRAWI

                Defendant.

KATZ, J.

Kelly Elkafrawi, through counsel, has moved for a hearing (Doc. No. 417) to adjudicate the validity of her interest in property listed in the Court's preliminary order of forfeiture. (Doc. No. 408). The United States has filed a response (Doc. No. 419), and Mrs. Elkafrawi has filed a reply. (Doc. No. 423).

Mrs. Elkafrawi states that she has a right, title, or interest in the following assets which were seized by the United States:

    1. All contents of Old National Bank account number 114776551 (checking) in the name of Tarek and Kelly Elkafrawi located at One Main Street, Evansville, Indiana;

    2. All contents of Old National Bank account number 100736283 (savings) in the name of Tarek and Kelly Elkafrawi located at One Main Street, Evansville, Indiana;

    3. All contents of Key Bank account number 353522075681, in the name of Tarek and Kelly Elkafrawi located at 7350 W. Central Avenue, Toledo, Ohio;

    4. The proceeds of the sale of the seven IHOP franchises sold by IHOP in the amount of $750,000; and

    5. $3,500 in cash taken from her home.

(Doc. No. 417, pp. 1–2).

On July 3, 2014, Mrs. Elkafrawi pleaded guilty to money laundering and alien harboring. As part of her plea negotiations, Mrs. Elkafrawi agreed to the forfeiture of certain assets pursuant to 18 U.S.C. § 982.  On October 17, 2014, the government filed its motion for a preliminary order of forfeiture, along with a proposed order.  (Doc. No. 402).

At her sentencing on October 17, 2014, Mrs. Elkafrawi objected to the proposed order of forfeiture because of sales tax bills she had recently received.  She requested that the forfeiture portion of her sentencing be held in abeyance.

On October 20, 2014, the government filed a sentencing memorandum regarding the mandatory nature of the forfeiture.  (Doc. No. 407).  On October 22, 2014, the Court conducted the sentencing hearing of Tarek Elkafrawi and verbally granted the motion for the preliminary order of forfeiture.

On October 22, 2014, the Court entered the preliminary order of forfeiture, along with an amended judgment and conviction order as to Mrs. Elkafrawi.  (Doc. Nos. 408, 409).  The Court's amended judgment ordered the forfeiture of all assets contained in the preliminary order of forfeiture. On November 13, 2014, Mrs. Elkafrawi filed her petition opposing the government's motion for forfeiture.  (Doc. No. 417).

The assets listed in Mrs. Elkafrawi's motion were contained in the preliminary order of forfeiture.  Mrs. Elkafrawi cannot challenge the preliminary order of forfeiture because the order is preliminary to potential third-party claimants who are entitled to petition for the return of property in an ancillary proceeding under 21 U.S.C. § 853(n). Section 853(n)(2) states: "Any person, *other than the defendant*, asserting a legal interest in property which has been ordered forfeited to the United States . . . may . . . petition the court for a hearing to adjudicate the validity

2

of his alleged interest in the property." (emphasis added). A criminal defendant who has agreed to the forfeiture of property, such as Mrs. Elkafrawi, is not entitled to file an ancillary petition. *See United States v. Pelullo*, 178 F. 3d 196, 202 (3d Cir. 1999) (a criminal defendant lacks standing to file a claim in an ancillary proceeding that takes place after the forfeiture has been entered at sentencing).

Federal Rule of Criminal Procedure 32.2(b)(4)(A) provides that: "At sentencing . . . the preliminary forfeiture order becomes final as to the defendant." The preliminary order was issued on October 22, 2014, and the amended judgment as to Mrs. Elkafrawi was filed on that same day. The order and judgment explicitly directed the forfeiture of the listed assets as part of Mrs. Elkafrawi's sentence.

Federal Rule of Criminal Procedure 32.2(b)(4)(C) states that: "The time for the defendant . . . to file an appeal from the forfeiture order . . . begins to run when judgment is entered." The fourteen day time period within which Mrs. Elkafrawi could seek a direct appeal challenging the forfeiture portion of her sentence began running from the filing date of the Court's amended judgment and conviction order. *See* Fed. R. App. P. 4(b)(1)(A).

The preliminary order is final as to a criminal defendant and is immediately appealable. *United States v. Christunas*, 126 F.3d 765, 768 (6th Cir. 1997). The only method by which a defendant may seek review of a criminal forfeiture order is to take a direct appeal from the judgment. The defendant may not wait until after the final order of forfeiture at the end of the ancillary proceeding to file an appeal. *See id*.

Thus, Mrs. Elkafrawi is barred from raising her arguments before the Court. The preliminary order of forfeiture was properly issued. The order reflects the actual assets that Mrs.

3

Elkafrawi agreed to forfeit when she pleaded guilty to her involvement in her husband's criminal activities. Mrs. Elkafrawi's only remedy was to directly appeal the Court's amended judgment in a timely fashion, which she has failed to do.

## Conclusion

Accordingly, Mrs. Elkafrawi's motion (Doc. No. 417) in opposition to the Court's forfeiture order is denied.

IT IS SO ORDERED.

                                                  s/ *David A. Katz*
                                                  DAVID A. KATZ
                                                  U. S. DISTRICT JUDGE